**LAW OFFICE OF CHERYL K. COPPERSTONE, P.C.**
**3439 E. SPEEDWAY BLVD.**
**TUCSON, AZ. 85716**
**(520) 628-8888**


**CHERYL K. COPPERSTONE**
**Bar No. 015009**
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re | Case No. 4:16-bk-00507-SHG |
| **GARY AUSTIN**<br>**CHERIE AUSTIN** | **CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**<br><br>☐  Original<br>x  Amended<br>☐  Modified<br><br>☐  Plan Payments include post-petition mortgage payments |

This Plan may affect creditor rights.  **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.**  If this is a joint case, then "Debtor" means both Debtors.  This plan does not allow claims or affect the timeliness of any claim.  To receive payment on an unsecured claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt.  Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

If this is an Amended or Modified Plan, the reasons for filing this Amended or Modified Plan are: Pursuant the order signed January 25, 2017 the mortgage will be paid outside the plan. .

(A)  **Plan Payments and Property to be Submitted to the Plan.**

(1)  Plan payments start on **February 20, 2016.**  The Debtor shall pay the Trustee as follows:

**$1314.00**  for months 1-10
**$50.00**  for months 11-36.

The duration of the Plan payments may be altered by the request of the Trustee without further notice. Total amount to be paid to Trustee is set pursuant to 28 U.S.C. §586(e)(1)(B) and (e)(2), not to exceed a maximum of 10%.

The proposed plan duration is **36** months.  The applicable commitment period is **36** months. Section 1325(b)(4).

(2)  In addition to the plan payments, Debtor will submit the following property to Trustee:  *[Describe or state none]*

(B)  **Trustee's Percentage Fee.**  Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

(C)  **Treatment of Administrative Expenses, Post-Petition Mortgage Payments, and Claims.**  Except  adequate

protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1) *Adequate protection payments.* Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to § 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|----------|---------------------|----------------|

❑  See Section (J), Varying Provisions.

(2) *Administrative expenses.* Section 507(a)(2).

(a) Attorney fees. Debtor's attorney received **$1010.00** before filing. The balance of **$3490.00** or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

(b) Other Administrative Expenses. *[Describe]*

❑  See Section (J), Varying Provisions.

(3) *Leases and Unexpired Executory Contracts.* Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

(a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|--------------------------------|---------------------------|------------------------|
| *[Creditor name or state none]* *[Brief property description]* | $*[Amount]* | *[Date]* |

(b) Rejected:

| Creditor | Property Description |
|----------|---------------------|
| *[Creditor name or state none]* | *[Brief property description]* |

❑  See Section (J), Varying Provisions.

2

(4) *Claims Secured Solely by Security Interest in Real Property.* A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payments coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and pre-petition arrearages shall be cured through the Trustee. No interest will be paid on the pre-petition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim. If the Debtor is surrendering an interest in real property, such provisions is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|
| **DJL Mortgage Capital** | **$85,000.00** **Appraisal** | | | |
| **33361 S. Cattle Tank Rd. Marana, AZ 85653** | | Debtor will pay direct to creditor pursuant to order signed 1/25/17 | | |

***Pima County's outstanding claims, secured by real property, shall be paid through an escrow account attached to the mortgage and shall be paid through the mortgage company. These taxes will not be paid through this Chapter 13 Plan. If said taxes are not paid through the mortgage company's escrow account, this Chapter 13 Plan will be hereby amended to include the amount of delinquent taxes at a rate of 16% per annum.***

(Pima County taxes here if owed)
*The value stated by Debtor(s) are not intended to affect the valuation for purposes of Ad Valorem Taxes*

x   See Section (J), Varying Provisions.

(5) *Claims Secured by Personal Property or a Combination of Real and Personal Property.* Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| **IRS** **Cattle Tank Property & Personal Property minus any liens** | **$146,300.89** | **$7321.52** | **$7321.52** | **3%** |

❏   See Section (J), Varying Provisions.

3

(6) ***Priority, Unsecured Claims.*** All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata:

(a)  Unsecured Domestic Support Obligations.  The Debtor shall remain current on such obligations that come due after filing the petition.  Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage | Arrearage Through Date |
|---|---|---|
| *[Creditor name or state none]* | $*[Amount Owed Through Date]* | (Petition date or other) |

(b)  Other unsecured priority claims.

(Pima Taxes here if debtors have mobile home)
*The value stated by Debtor(s) are not intended to affect the valuation for purposes of Ad Valorem Taxes*

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| *[Creditor name or state none]* | *[Describe]* | $*[Amount]* |

❏  See Section (J), Varying Provisions.

(7) ***Co-debtor Claims.***  The following co-debtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Co-debtor Name | Estimated Debt Amount |
|---|---|---|
| *[Creditor name or state none]* | *[Codebtor name]* | $*[Amount]* |

❏  See Section (J), Varying Provisions.

(8) ***Unsecured Nonpriority Claims.***  Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

❏  See Section (J), Varying Provisions.

(D)  **Lien Retention.**  Secured creditors shall retain their liens until payment of the underlying debt determined under non-bankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

☐ See Section (J), Varying Provisions.

(E)  **Surrendered Property.**  Debtor surrenders the following property to the secured creditor.  Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive **no** distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim.  ***Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.***

| Creditor | Property to be surrendered |
|---|---|

4

*The Surrender of this property to the named creditor(s) under paragraph (E) will have no effect on Pima County's secured claim against the property*

(F) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a pre-petition retainer of $**1010.00,** to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

    X  (1)(a)  **Flat Fee**. Counsel for the Debtor has agreed to a total sum of  **$4500.00** to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

        X  Review of financial documents and information.
        X  Consultation, planning, and advice, including office visits and telephone communications.
        X  Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
        X  Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
        X  Attendance at the § 341 meeting of creditors.
        X  Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
        X  Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
        X  Responding to motions to dismiss, and attendance at hearings.
        X  Responding to motions for relief from the automatic stay, and attendance at hearings.
        X  Drafting and mailing of any necessary correspondence.
        X  Preparation of proposed order confirming the plan.
        X  Representation regarding the pre-filing credit briefing and post-filing education course.

    x(b)    **Additional Services.**: Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor, Pursuant to General Order 106:

        x  Preparation and filing of Modified Plan $ 600.00.
          Preparation and filing of motion for moratorium $subject to change.
          Responding to motion to dismiss, and attendance at hearings $subject to change.
          Defending motion for relief from the automatic stay or adversary proceeding $ hourly.
          Preparation and filing of any motion to sell property/incur debt $subject to change .
          Other  Adversary proceedings will have a separate fee application filed .

    All other additional services will be billed at the rate of $300.00 per hour for attorney time and $185.00 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

    ❑  See Section (J), Varying Provisions.

    X  (2)  **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

    Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $300.00 per hour for attorney time and $185.00 per hour for paralegal time.

    ❑  See Section (J), Varying Provisions.

(G) **Vesting.** Vesting of property of the estate. Property of the estate shall vest in the Debtor upon discharge. The following property shall not revest in the Debtor upon discharge: *[Describe or state none]*

5

Case 4:16-bk-00507-SHG   Doc 64   Filed 01/30/17   Entered 01/30/17 15:52:47   Desc
Main Document    Page 5 of 7

X   See Section (J), Varying Provisions.

(H) **Tax Returns**.  While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency.  The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *[not applicable or describe unfiled returns]*.If the Debtors receive a tax refund in excess of $1,000 during the pendency of this case, said refund will be turned over to the Trustee and will be applied toward the plan base.

(I) **Funding Shortfall.**  Debtor will cure any funding shortfall before the Plan is deemed completed.

---

(J)   **Varying Provisions.**  The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G):

(1)   Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay , whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan , modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

*(2)*  If a claim is listed in the plan as secured and the creditor files a proof of claim as an  unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

*(3)* Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.  All property of the debtor remains vested in the estate until completion of the plan.

(4) Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage; to deem the pre-petition arrearage as  contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).  See Local Rule 4001-1(e).

(5) All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

(6) The values stated by the debtor(s) are not intended to affect the valuation for purposed of Ad Valorem Taxes.  Claims for non-delinquent Ad Valorem Taxes will be paid through the Mortgage Escrow Account or Claims for non-delinquent Ad Valorem Taxes will be paid directly to the Pima County Treasure.

6

(7) The Surrender of this property to the named creditor(s) under paragraph (E) will have no effect on Pima County's secured claim against the property

---

(K) **Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

(1) Trustee's compensation (10% of plan payments) ..................................................... $1,444.20
(2) Ongoing post-petition mortgage payments ........................................................... $0.00
(3) Administrative expenses and claims.................................................................... $3490.00
(4) Priority claims.................................................................................................. $0.00
(5) Pre-petition mortgage or lease arrears, or amount to cure defaults, including interest.................... $0.00
(6) Secured personal property claims, including interest............................................... $7893.00
(7) Amount to unsecured nonpriority claims ............................................................ $1614.80
(8) Total Plan Payments......................................................................................... $14,442.00

(L) **Section 1325 analysis.**

(1) Best Interest of Creditors Test:
    (a) Value of debtor's interest in nonexempt property...............................................$0.00
    (b) Plus: Value of property recoverable under avoiding powers....................................$0.00
    (c) Less: Estimated Chapter 7 administrative expenses...............................................$0.00
    (d) Less: Amount payable to unsecured, priority creditors.........................................$
    (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7
                                                 $0.00

Paragraph (2) is to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
    (a) Amount from Line 58, Form B22C, Statement of Current Monthly Income...............................$0.00
    (b) Applicable Commitment Period                               x 60
    (c) Section 1325(b) amount ((b)(1) amount times 60 .......................................................$0.00

(3) Estimated Amount to Unsecured, Nonpriority Creditors Under The Plan...................................$1614.80

| /s/Gary Austin | 1-30-17 | /s/Cherie Austin | 1-30-17 |
|---|---|---|---|
| Debtor | Date | Co-Debtor | Date |

/s/ State Bar No. 015009_____
Cheryl K. Copperstone
Attorney for Debtor

7